FILED
2001 SEP 14 PM 1:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LASHAWN R. MAYE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. CV 01-PWG-0309-S |
| WIPC, LLC, d/b/a Tutwiler Hotel, | ) |
| Defendant. | ) |

ENTERED
SEP 14 2001

## MEMORANDUM OF OPINION

On February 1, 2001 attorneys B. Joan Rickles and Elizabeth A. Roland initiated this civil action on behalf of plaintiff LaShawn R. Maye alleging that the defendants had violated the provisions of 42 U.S.C. § 2000(e) *et seq*, Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. (Document #1). On March 23, 2001 plaintiff amended the complaint to delete her Equal Pay Act claims. (Document #8). On March 30, 2001 the parties held a Rule 26 planning meeting. In the report of that meeting both parties filed notice of consent to the dispositive jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Document #10).

On April 11, 2001 counsel for the defendant served upon counsel for the plaintiffs routine requests for production of documents related to plaintiff's claims. (Document #16, exhibit A). After receiving the discovery requests, Ms. Rickles and Ms. Roland attempted to contact Ms. Maye in order to prepare an appropriate response. At a hearing held before the undersigned magistrate judge on August 21, 2001, Ms. Rickles and Ms. Roland recounted a number of attempts on the part of counsel to secure the cooperation of the plaintiff in preparing the discovery response in addition to seeking her cooperation in the general preparation of the litigation itself. On more than one occasion, plaintiff was personally requested to appear at the offices of her attorneys and

18

failed to do so. On August 8, 2001 attorneys Roland and Rickles filed a motion to withdraw from the representation of Ms. Maye. The order which set a hearing on the motion to withdraw was, by its own terms, specifically provided to plaintiff LaShawn R. Maye at 1201 50th Place Street, Birmingham, Alabama 35222. (Document #14). That order informed Ms. Maye that:

> In the event the plaintiff fails to attend the hearing on
> the motion to withdraw, this action may be dismissed
> for failure to prosecute. ( *Id.*).

Ms. Maye did not appear at the August 21, 2001 hearing. The attorneys for Ms. Maye stated that they had provided a certified copy of the motion to withdraw to plaintiff's address. One of the attorneys also stated that she had spoken to a person at plaintiff's home by telephone that she believed to have been Ms. Maye to inform her about the hearing and the motion to withdraw.[1]

On August 21 defendants filed the present motion to dismiss this action for failure to prosecute. (Document #16). The motion recited that the plaintiff had refused to work with her attorneys to compile the necessary requested discovery and had failed to appear as directed by the court. An order was entered on August 23, 2001 scheduling a hearing to consider defendant's motion to dismiss. (Document #17). This order, like the previous order, was mailed directly to Ms. Maye at her address. The order directed Ms. Maye to appear before the undersigned magistrate judge on Thursday, September 6, 2001 to show cause why the action should not be dismissed. Ms. Maye was urged to obtain the assistance of another attorney but in the event that she was not to be represented by counsel she was nonetheless directed to appear to make clear whether she wished to pursue this lawsuit or abandon her claims. ( *Id.*) Ms. Maye did not appear on September 6 as directed. Defendants also provided a copy of the motion to dismiss to Ms. Maye by certified mail

---

[1] The attorneys had spoken to the plaintiff in person and by telephone on several occasions prior to the call at issue.

at the address the court, the defendants and Ms. Maye's prior attorneys had all used in order to reach her. The defendants at the court's request introduced an exhibit establishing that LaShawn Maye signed for the copy of the motion to dismiss when it was delivered.

Defendants seek dismissal of this action pursuant to the provisions of Rule 41(b) arguing that the court is faced with a "clear record of delay or contumacious conduct by the plaintiff." (Document #16).

The court notes that there has been no order compelling the production of the discovery referred to in both plaintiff's attorneys' motion to withdraw and defendant's motion to dismiss. While *Federal Rule of Civil Procedure* 37(b)(2)(C) authorizes the court to render judgment by default against a disobedient party, that Rule is implicated generally when the plaintiff has expressly violated an order related to discovery. Dismissing a case is the most aggressive action available under Rule 37. See *Adolph Coors Company v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). It is well-settled that courts have the inherent authority to dismiss a plaintiff's action for failure to prosecute for the purpose of preventing delays in the court's calendar and existing cases. See *Link v. Wabash Railroad Co.*, 37 U.S. 626 (1962). The court derives such authority under its inherent power and the provisions of *Federal Rule of Civil Procedure* 41(b). Generally, unless the district court specifies otherwise a dismissal ordered as a procedural sanction "operates as an adjudication upon the merits." A dismissal order grounded in *Federal Rule of Civil Procedure* 37 may or may not result in a dismissal with prejudice. A dismissal pursuant to the provisions of Rule 41(b), however, is generally an adjudication of the merits and the dismissal is made with prejudice. See Rule 41(b); *Nagle v. Lee*, 807 F.2d 435, 442-43 (5th Cir. 1987). There is no question that dismissal with prejudice is a severe and drastic sanction. The sanction is one which is imposed with great reluctance and is a result not favored in the Eleventh

3

Circuit or this court. In the present case, however, despite its reluctance to do so the court is faced with a plaintiff who has, despite actual knowledge of the need to prepare her case, refused to participate n the discovery process, expressly refused to contact her attorneys, expressly refused this court's order that she appear at a hearing to consider the motion of her attorneys to withdraw and refused to participate in a hearing to determine whether she wishes to proceed further with her claims. Under the circumstances, there appears to be little option other than to dismiss this action pursuant to the provisions of Rule 41(b). Such a dismissal operates as a dismissal with prejudice. Plaintiff, however, is directed to the provisions of Rule 60(b) of the *Federal Rules of Civil Procedure* in which she might obtain relief from a judgment to dismiss upon establishing (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) proof the judgment is void; or (5) any other reason justifying relief from the operation of judgment. By separate order this matter will be dismissed pursuant to the provisions of Rule 41(b).

The clerk is DIRECTED to serve a copy of this Memorandum of Opinion upon defendant's counsel, plaintiff's former counsel and by certified mail to plaintiff, LaShawn R. Maye at 1201 50th Place Street, Birmingham, Alabama 35222.

As to the foregoing it is SO ORDERED this the 14th day of September, 2001.

                                                    _____
                                                    PAUL W. GREENE
                                                    UNITED STATES MAGISTRATE JUDGE